Ronnie PHILLIPS, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the State of COLORADO; Fiala Foundations; and State Compensation Insurance Authority, Respondents.

No. 88SC260.

Supreme Court of Colorado,
En Banc.

Nov. 27, 1989.

Steven U. Mullens, P.C., Steven U. Mullens, James A. May, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, First Asst. Atty. Gen., Carolyn A. Boyd, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Paul Tochtrop, Denver, for respondent State Compensation Ins. Authority.

Robert A. Weinberger, P.C., Michael E. Harr, Denver, for amicus curiae Colorado Defense Lawyers Ass'n.

Chief Justice QUINN delivered the Opinion of the Court.

We granted certiorari to review the unpublished decision of the court of appeals in *Phillips v. Industrial Claim Appeals Office* (No. 87CA1201). Ronnie Phillips sustained an industrial injury prior to July 1, 1987, and was ordered to undergo a vocational rehabilitation evaluation subsequent to the date of attaining maximum medical improvement. The court of appeals held that Phillips was not entitled to receive temporary disability benefits for the period of time between his attainment of maximum medical improvement and either his actual commencement of a vocational rehabilitation program or the entry of an administrative ruling that vocational rehabilitation is not necessary to render him fit for a remunerative occupation. Based on our decision announced today in *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989), we reverse the decision of the court of appeals and remand the case to that court with directions to return the matter to the Industrial Claim Appeals Panel for further proceedings consistent with *Allee*.

On May 27, 1985, Ronnie Phillips suffered a herniated disk in his lower back in an accident arising out of and in the course of his employment with Fiala Foundations. Phillips underwent back surgery on January 14, 1986. A hearing on Phillips' claim was conducted before an administrative law judge on June 4, 1986. The administrative law judge determined that, on the basis of a medical report from Phillips' treating physician, Phillips probably reached maximum medical improvement on May 13, 1986, but was unable to return to work for which he had previous training or experience because of his industrial disability. The administrative law judge accordingly ordered Phillips to undergo a vocational rehabilitation evaluation within sixty days and further ordered the insurance carrier to pay Phillips temporary partial disability benefits commencing on May 13, 1986, until further order of the Division of Labor.

The insurance carrier and the employer sought review of that portion of the order awarding Phillips temporary partial disability benefits. The Industrial Claim Appeals Panel (panel) reversed the administrative law judge's order authorizing temporary partial disability benefits subsequent to Phillips' attainment of maximum medical improvement on May 13, 1986. Phillips appealed the panel's denial of temporary partial disability benefits to the court of appeals. In upholding the panel's order, the court of appeals construed section 8–51–103, 3B C.R.S. (1986), which authorizes the payment of temporary partial disability benefits during the continuance of temporary partial disability, to require the termination of temporary partial disability benefits upon the worker's attainment of maximum medical improvement.

Our decision in *Allee* resolves the question raised in this case. We held in *Allee* that when a worker has suffered a disabling industrial injury prior to July 1, 1987, and has been previously awarded temporary partial disability benefits and has also been ordered to undergo an evaluation for vocational rehabilitation, the worker is entitled to receive temporary partial disability benefits until such time as he actually com-

mences a vocational rehabilitation program or an administrative determination is made that vocational rehabilitation is not reasonably necessary to render the worker fit for a remunerative occupation. We there stated:

This holding is consistent with the purpose of workers' compensation legislation, which is to relieve a disabled worker of some of the adverse economic effects caused by a work-related injury or occupational disease. The continuation of temporary partial disability benefits during this period of time provides the disabled worker with a strong incentive to pursue a vocational rehabilitation program for the purpose of restoring his industrial proficiency, while concomitantly reducing his permanent industrial disability, and thereby furthers the interest of the disabled worker as well as the interests of society at large.

*Allee*, 783 P.2d at 283.

We accordingly reverse the judgment of the court of appeals and remand the case to that court with directions to return the case to the Industrial Claim Appeals Panel for further proceedings consistent with our decision in *Allee* and the views therein expressed.